# IN THE COURT OF APPEALS OF IOWA

No. 19-0831
Filed August 7, 2019

**IN THE INTEREST OF B.B.,**
**Minor Child,**

**K.N., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Iowa County, Jason A. Burns, District
Associate Judge.

The mother appeals the termination of her parental rights.  **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Anna T. Stoeffler, Assistant
Attorney General, for appellee State.

Robert W. Davison, Cedar Rapids, guardian ad litem for minor child.

Considered by Mullins, P.J., Bower, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

The mother appeals the termination of her parental rights to B.B., born April 2018. The family came to the attention of the Iowa Department of Human Services (DHS) shortly after B.B.'s birth when the mother tested positive for methamphetamine and B.B.'s umbilical cord tested positive for amphetamine and methamphetamine. B.B. was removed from the parents' care before he left the hospital. At the time of the hearing, B.B. had never lived with the mother and the mother's visitation with B.B. was fully supervised because of ongoing substance-abuse concerns.

Soon after birth, DHS arranged for the mother to attend outpatient substance-abuse treatment twice per month. At the time of the hearing, she had attended five such appointments in eleven months. DHS also arranged for the mother to undergo in-home drug testing, but the testers never found the mother at home over three months of attempts. DHS then arranged for on-site drug testing for the mother. Between September 18, 2018, and January 7, 2019, the mother presented for drug testing ten times: three sweat patches tested positive for methamphetamine, with the most recent positive patch on November 27; three sweat patches tested negative; and four urine samples tested negative. The mother did not present for testing again until March 2, when she provided a urine sample that tested negative for the presence of drugs. A social worker testified that, in mid-February 2019, the mother told her she was "struggling" with substance abuse but denied using any prohibited substances. On February 28, the mother underwent a substance-abuse evaluation with a counselor. At the time of the hearing, the mother had since attended four sessions with the counselor for

substance abuse and mental health. The counselor recommended the mother attend inpatient substance abuse treatment, which was scheduled to begin after the hearing. The mother testified she had been sober since B.B.'s birth but stated, "I know I'd have a better chance of getting my son back in my care if I was in inpatient [treatment]." The social worker testified she talked to the mother's counselor, who told her the mother could attend inpatient treatment because the mother said she was actively using illegal substances.

The State petitioned to terminate the mother's parental rights, which proceeded to a hearing on March 13, 2019. On May 3, the court terminated her parental rights.[1] We review termination proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).

First, the mother argues the State failed to prove the statutory grounds for termination. The court terminated her parental rights under Iowa Code section 232.116(1)(h) and (*l*) (2018). "On appeal, we may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence." *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

As to Iowa Code section 232.116(1)(h),[2] the mother specifically asserts the State failed to prove B.B. could not be placed in her custody. The mother never

---

[1] The court also terminated the father's parental rights at that time. He does not appeal.
[2] Iowa Code section 232.116(1)(h) states the court may order termination if,

> The court finds that all of the following have occurred:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

progressed beyond fully supervised visitation with B.B. because of substance-abuse concerns. She admitted to using methamphetamine just before B.B.'s birth in April 2018. She then tested positive for methamphetamine in September, October, and November. She failed to consistently participate in drug testing as she completed no testing from B.B.'s birth until that September test, and she again completed no testing between January 7 and March 2, 2019. She missed all but five of her twice-monthly substance-abuse treatment appointments since B.B.'s birth. Despite conflicting testimony about the reason she sought inpatient drug treatment, the court found she told her counselor she was actively using methamphetamine. The court concluded: "Either the mother truthfully admitted ongoing methamphetamine use to her [counselor] or the mother attempted to fabricate the information with the [counselor] in order to influence the Court's ultimate decision. Neither scenario is acceptable." We agree. We also note the mother intended to enter the inpatient treatment facility soon after the hearing; however, while she submitted a printout from a website that stated the facility accepted mothers and their children during treatment, she provided no other evidence the facility would allow B.B. to live with her during treatment. The social worker further testified DHS would likely not support B.B. living with the mother during inpatient treatment. We find these ongoing substance-abuse concerns provide clear and convincing evidence B.B. could not be placed in her care.

---

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Because the mother does not contest the other provisions of Iowa Code section 232.116(1)(h), we find the statutory grounds for termination are satisfied.

Second, the mother argues termination is not in B.B.'s best interests and the bond between them precludes termination. *See* Iowa Code § 232.116(2), (3). As to the bond, the child has never lived with the mother. The social worker testified the two are bonded but B.B. has a stronger bond with his foster parents. The social worker also testified B.B. is adoptable and he needs to bond with the people who will take care of him for the rest of his life. Considering the relative weakness of their bond and the mother's ongoing substance abuse as described above, we find termination is in B.B.'s best interests and their bond does not preclude termination. For that reason, we affirm the termination.

**AFFIRMED.**